————o————

## No. 5892.

## MALDURMIN IMPORTING COMPANY vs. PATTERSON & McKERVEY, ET AL.

### Syllabus.

1. The officers of a corporation have an undoubted right to dispose of its assets in order to pay its debts with the proceeds.

2. The laws of this State have always recognized as valid, and therefore lawful, any payment of a just and matured debt, *in money*, by an insolvent, even though the creditor knew of such insolvency.

   *C. C.*, 1986.

3. As an insolvent may lawfully pay a just debt, *in money*, at any time, it follows that the resulting prejudice, if any, to other creditors, is *damnum absque injuria*.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 98,534. Hon. E. K. Skinner, Judge.

J. Zach Spearing, for plaintiff and appellee.

John May, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff sues Patterson & McKervey, a corporation, on an open account, and likewise prays for judgment **in solido** against A. L. Patterson, alleging as cause of action against him that said "A. L. Patterson, one of the officers any stockholders of said corporation, without any legal right, took possession of all the assets of said corporation; and without due authority attempted to liqui- date said concern; * * * that by the action of said A. L. Patterson in taking personal possession, control and administration of the assets of said Patterson & McKervey, without any legal right to do so, he has made himself personally liable for the debts of said concern."

There was judgment **in solido** against both defendants and both have appealed suspensively.

As to the corporation, the claim is fully proved, and the judgment against them is correct.

Not so as to the other defendant. The evidence shows that Patterson, who was president of the corporation

(and alone financially interested therein) found that its business was not a prosperous one, and proceeded to close it out; publicly disposing of the assets to best advantage, and paying out the proceeds to various creditors as they presented themselves. When plaintiff appeared to demand payment of its bill there was nothing left.

As the officers of the corporation have the undoubted right to dispose of its assets in order to pay its debts with the proceeds, the only question which arises herein is whether or not, when in so doing they pay some creditors in preference to others, they thereby incur personal liability towards the creditors not so preferred. And this can result only if such payment be unlawful.

But the laws of this State have always recognized as valid, and therefore lawful, any payment of a just and matured debt **in money** by an insolvent, even though the creditor knew of such insolvency. C. C., 1896.

The insolvent may therefore lawfully pay a just debt **in money**, at any time; and it follows that the resulting prejudice, if any, to other creditors, is **'damnum absque injuria.**

It is therefore ordered that as to the defendant, A. L. Patterson, the judgment appealed from be reversed and plaintiffs demand be rejected; and as to the defendant, Patterson & McKervey, the judgment appealed from be affirmed at its cost in both Courts.

Opinion and decree, November 10, 1913.